## Parkey, et al. v. Brock.

(Decided November 22, 1927.)

### Appeal from Harlan Circuit Court.

1. Attorney and Client.—In an action by an attorney for specific performance of a contract whereby he had engaged to try to have the location of a certain road changed in consideration for the other party's promise to convey to him 10 acres of land in case such road change was made, held, that the attorney's contract was not void as against public policy merely because the attorney attempting to secure the road change was a state senator.

2. Attorney and Client.—In an action by an attorney for the specific performance of a contract to convey land as consideration for a contract for his services, held, that the plea of non est factum was not sustained by the evidence.

3. Witnesses.—Where an attorney who had entered into a contract with a landowner to procure a change in road location, and consideration for the attorney's services was to be the conveyance of 10 acres of land, brought action after the death of the landowner against the heirs and owners for specific performance of the contract, held, that the testimony of the attorney and of the deceased party's children was incompetent relative to conversations with deceased.

4. Witnesses.—In an action for the specific performance of a contract to convey land in consideration of legal services, where it was shown that the promisor had died and the persons to whom title had passed had sold the land under a warranty of title, held, that depositions of the persons so warranting title, relative to conver-

sations with the deceased former owner, were incompetent because of warrantors' interest in the matter.

R. L. POPE and F. L. HUFF for appellants.

H. M. BROCK, J. S. FORESTER and W. E. SETTLE for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This action was instituted by the appellee to compel the specific performance of a contract entered into between him and C. B. Pope on September 24, 1923, wherein Pope agreed to execute and deliver to appellee a good deed for a tract of land situated in Harlan county, Ky., containing 10 acres.

By the terms of the contract Pope employed appellee as attorney and legal adviser to represent his interest in the matter of locating and constructing the state road from Emerlin to Baxter. In consideration of such legal services and other legal advice pertaining to the matter and causing the road to be located across the land of Pope where it was most desirable and would do the least damage to Pope, he agreed to convey 10 acres of land to appellee. But the contract contains the provision that, if the road should not come up on the south side of Cumberland river, the contract should be of no effect.

C. B. Pope had died prior to the institution of the suit, and his heirs at law had conveyed their interest in the land to the appellant Izetta Parkey, and she and her husband were made defendants in the action. They filed an answer in which the allegations of the petition were traversed, and in a second paragraph they interposed the plea that the contract, if executed, was void as against public policy. In a third paragraph they interposed the plea of non est factum. An amended petition was filed by appellee substantially making the same allegations as found in his original petition with slight modifications intended to withdraw minor allegations in the original petition. Depositions were taken in the case, and the proof established that appellee performed the services mentioned in the contract.

There is no proof showing that appellee attempted to represent Pope in any way that is subject to criticism. The location of the road had been made across the land of Pope, and he desired a change in the location under the belief that it would be to his advantage if the road should be located at a different point across his farm.

It is not disputed that appellee advised with Pope on different occasions as to the right of way; and it is made to appear that he made several trips to Frankfort to appear before the highway department for the purpose of obtaining a relocation of the right of way across the land of Pope, and that he took the matter up with the local authorities in Harlan county, having the same object in view. He succeeded in his attempt to have the road located according to the desire of Pope. The ground on which it is urged that the contract was void as against public policy is that appellee was at the time a state senator from the district embracing Harlan county. If it were true, as suggested in brief for appellant, that appellee as a state official contracted to use his influence as such to locate a highway at a certain place, we would have no hesitancy in saying that the contract was void as against public policy. A state official can not sell his influence to the public for such purposes, but there is nothing in the contract which even suggests that he was employed for the purpose of using his influence, but, on the other hand, the contract shows clearly that he was employed to represent Pope in a legal capacity, and there is no proof in this record showing that he did anything other than a reputable lawyer might have done. It is not seriously contended that he did not perform the services called for in the contract.

The case of Kentucky Association of Highway Contractors v. Williams, 213 Ky. 167, 280 S. W. 937, 45 A. L. R. 544, contains an able discussion of the law with reference to public policy questions involved in contracts. It was there determined that a contract which is against public policy is one which has a tendency to be injurious to the public, or against the public good, or if the contract binds the parties, or either of them, to do something opposed to the public policy of the state it is illegal and void. This contract did not bind either appellee or Pope to do anything opposed to the public policy of the state, and the consideration expressed therein is not against the public policy of the state, and there is nothing in the contract which indicates a tendency to be injurious to the public or against the public good. An individual landowner desired a road to run across his land at a point different from that which it had been surveyed, and he employed a lawyer to represent him before the proper authorities to have the change made.

Proof is lacking to show that the contract had any meaning other than that expressed by its terms.

The plea of non est factum is not sustained by the evidence. Proof as to conversations had with C. B. Pope prior to his death was incompetent, and the testimony of his children was not competent as they could not testify for themselves concerning transactions with a person then dead. It is suggested that they had no interest in the matter as they had already conveyed their interest in the property to their sister, Izetta Parkey. We do not know upon what terms or conditions they conveyed this property to her. The lower court sustained the exceptions to the depositions relating to conversations had with C. B. Pope. He overruled the exceptions to the depositions of J. W. Pope and S. S. Pope, but expressed doubt as to the competency of these witnesses, in view of the fact that they were interested to the extent at least of their having warranted the title to the tract of land in dispute. He should have sustained the exceptions to these depositions. It also appears to us that the deposition of appellee was in the main incompetent as he testified to transactions with a person then dead, and he was testifying for himself. When we eliminate this incompetent evidence, there is not enough left to show that the contract was not signed by C. B. Pope, and, in our opinion, the evidence that he did sign the contract preponderates in favor of appellee.

Taking the case as a whole, the judgment of the lower court on the record as presented was correct.

Judgment is affirmed.